PHILO S. SHELTON vs. HENRY CODMAN & another.

A leasehold interest may be attached and sold on execution.

A covenant for quiet enjoyment, in a lease for years, being a covenant *in futuro*, is a covenant running with the land, and will pass with it to any person, as assignee in law, who becomes legally possessed of the term.

The intervention of proceedings in insolvency, after an attachment on mesne process, operates, by the terms of the act of 1838, c. 163, § 5, to dissolve the same absolutely and unconditionally, unless preserved in the mode and for the purpose specified in the act of 1841, c. 124, § 5; whether the assignee take possession of or claim the property attached or not.

The assignee of a covenant running with the land cannot maintain an action for a breach thereof, accruing before the assignment, such breach being a chose in action not running with the land.

Where an attachment of a term for years was made on mesne process, in May, 1844, and sold in pursuance thereof on execution, in March, 1845, and proceedings in insolvency were instituted against the debtor in January, 1845, it was held, that the attachment was thereby dissolved, and the sale on execution rendered void.

THE defendant, on the 12th of March, 1844, made a lease of a public house in Boston, called the Earle Coffee-house, to one Henry Dunham, for the term of five years, at a yearly rent, payable quarterly, of $1100. The lease was under seal, and contained the usual covenants for peaceable possession and quiet enjoyment during the term.

The plaintiff, on the 16th of May, 1844, being a creditor of Dunham, brought an action against him, upon which he caused all Dunham's right, title and interest in the unexpired part of the term to be attached. This action was entered in the court of common pleas, and continued therein from term to term, until the January term, 1845, when the plaintiff recovered judgment. Execution issued thereon in favor of the plaintiff on the 13th of February, 1845; in virtue of which, on the 10th of March, 1845, as appeared by the return thereof, Dunham's leasehold interest in the estate demised to him by the defendants was taken and sold, and purchased by the plaintiff.

This action was brought by the plaintiff, as the assignee in law of the lease, on the covenants contained therein for peaceable possession and quiet enjoyment; and the breach assigned was an eviction of Dunham in January, 1845.

The action was tried before *Wilde*, J., by whom it was reserved and reported for the consideration of the whole court ; who are to enter such judgment as they may think proper.

It appeared in evidence, that the defendants recovered judgment, in the justices' court, on a suit commenced by them against Dunham, to recover the possession of the lease-hold premises, for non-payment of rent ; that a writ of possession issued thereon, upon which the defendants were put in possession in January, 1845 ; and that they had ever since, by themselves and their lessees, been in possession of the premises.

It appeared, also, that, at the date of the lease, Dunham was in insolvency, proceedings in which were then pending before a master in chancery in the county of Plymouth ; that his petition as an insolvent was dated January 13th, and the first publication of the notice thereof took place on the 16th of January, 1844; that his certificate of discharge was refused by the master, in April, 1844, and by this court, on appeal, December 20th, 1844 ; that Dunham again applied for the benefit of the insolvent law to a master in chancery in this county, on the 9th, and notice thereof was first published on the 10th of January, 1845 ; that a discharge was finally granted him by the master under these second proceedings ; and that the plaintiff proved the debt on which his action against Dunham was brought, under the first proceedings in insolvency against him, and opposed his discharge before the master and in this court ; but that he took no part in, nor did he prove his debt under, the second proceedings.

*G. W. Cooley* and *E. F. Hodges*, for the plaintiff.

*B. R. Curtis* and *J. Codman*, for the defendants.

Shaw, C. J. The plaintiffs bring their action of covenant, in which they claim damages for a breach of the covenants for peaceable possession and quiet enjoyment, contained in a lease from the defendants to one Henry Dunham of an estate occupied as a hotel, in Boston, for the term of five years, at a yearly rent of $1100. They aver, that in May, 1844. they

commenced an action against Dunham, and caused all his right title and interest in the leasehold premises to be attached ; that the action was entered and continued from term to term, until the January term, 1845, of the court of common pleas, when they recovered judgment against Dunham, on which they sued out execution, February 13th, 1845 ; that on the 10th of March, 1845, the leasehold interest and term of years belonging to the judgment debtor was sold by an officer on the execution ; and that the plaintiff being the highest bidder therefor became the purchaser. The plaintiff contends that by force of these proceedings, he acquired a title to this leasehold interest, and became the assignee in law of the covenant for quiet enjoyment, which was attendant upon and ran with the land. He then avers a breach of this covenant by an eviction of Dunham, in January, 1845.

This is a title which the plaintiff claims to hold under proceedings at law, and it can only be supported by proving a compliance with all the provisions of law, and showing them to have been legal and regular as stated.

We are not disposed to question the position, that a leasehold interest, or chattel real, may be attached and taken on execution ; or that a covenant for quiet enjoyment, being a covenant *in futuro,* is a covenant running with the land, and will pass with it to any person as assignee in law, who becomes legally possessed of such chattel real.

But we consider it essential to the plaintiff's title that he should prove, not only that a regular and valid sale in due form was made in March, 1845, but that it was made in pursuance of an attachment on mesne process, in May, 1844, which remained in force to the time of the sale in March, 1845. If the plaintiff's title is considered as commencing with the sale in March, 1845, he must fail for two reasons.

1. It appears that in January, 1845, Dunham applied for the benefit of the insolvent law, that a warrant was issued on the 9th, and the first publication was made on the 10th of January, 1845. By force of the insolvent law and of these proceedings, all the property of the insolvent defendant in that

suit was divested and transferred to the assignee, including the term in question. It is not a valid objection to this proceeding, that Dunham was under a prior proceeding in insolvency, under which his discharge had been denied, first, by the master in chancery in the county of Plymouth, and afterwards by this court, on appeal.

It is now considered as the well settled construction of the insolvent law, that a second proceeding may be commenced before a prior one has closed; the effect of which will be, to pass all the property of the insolvent, real and personal, which he has acquired after the first assignment, and before the second. *Gilbert* v. *Hebard*, 8 Met. 129.

2. But another reason is, that if the plaintiff relies on a title commencing at the sale in March, 1845, this action cannot be maintained, because the eviction, which is the breach relied on, took place in January, 1845, before the sale; and a right to commence an action for such breach, if it was one, would be a chose in action not running with the land, and one on which the plaintiff, as assignee, could not maintain an action.

We think the plaintiff cannot carry back his title to the attachment in May, 1844, because, by the insolvent proceedings in January, 1845, the attachment was absolutely dissolved and terminated. The provision of the statute on this subject, *St.* 1838, *c.* 163, § 5, is precise and explicit, that all attachments shall be dissolved. The dissolution is absolute and unconditional, unless preserved in the mode and for the purpose specified in statute 1841, *c.* 124, § 5, which does not affect the present question.

This clause of the insolvent law has repeatedly been under the consideration of the court, and it is held, that by the issuing of the warrant, and the first publication of the notice, all subsisting attachments are terminated. *Bigelow* v. *Pritchard*, 21 Pick. 169; *Sprague* v. *Wheatland*, 3 Met. 416; *Grant* v. *Lyman*, 4 Met. 470.

It is quite immaterial, whether the assignee under this second assignment took possession of or claimed the leasehold

estate, or not. The plaintiff's attachment upon it was at an end, so that he can claim no title, taking effect at a period anterior to these insolvent proceedings.

This is decisive of the plaintiff's claim, as assignee of the covenants, and of his right to maintain this action.

*Judgment for the defendants*